```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| THOMAS VASQUEZ, | : |
| Petitioner, | : Civil Action No. 12-2528 (RMB) |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| WARDEN F.C.I. FAIRTON et al., | : |
| Respondents. | : |

IT APPEARING THAT:

1. On April 30, 2012, Petitioner, a federal inmate, initiated this § 2241 proceeding by submitting a petition seeking habeas corpus relief ("Petition"). See Docket Entry No. 1.

2. On May 8, 2012, Petitioner submitted the applicable filing fee of $5.00. See Docket Entry No. 2.

3. The Court is unable to distill either the facts or nature of Petitioner's challenges with any measurable degree of certainty. The Petition consists primarily of citations to the law, with few, if any, facts related thereto. See, generally, Docket Entry No. 1. The best this Court can surmise, it appears that:

   a. at a certain point in time, the Commonwealth of Pennsylvania ("Commonwealth") seemingly lodged a detainer against Petitioner on the basis of his pre-existing conviction rendered by the Commonwealth on the charges of murder, conspiracy and illegal possession of

        a weapon, although the Petition does not allow the Court to determine with any degree of certainty whether that conviction (and the Commonwealth sentence rendered in connection with that conviction) are still pending and when such sentence, if any, is expected to begin; and

   b.   being appraised by the Commonwealth of Petitioner's upcoming incarceration on these charges, the Bureau of Prisons ("BOP") either declined Petitioner's request to have him serve the end period of his currently-served federal sentence in a community correctional center ("CCC") or, in the alternative, the BOP simply did not schedule Petitioner for an evaluation for suitability for transfer to a CCC.

   See, generally, id.

4.   As submitted, the Petition fails to comply with the requirements posed by Habeas Rule 2(c).  "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a petition to "specify all the grounds for relief," "state the facts supporting each ground" and "state the relief requested."  28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 through Rule 1(b).  Here, the Petition failed to clarify Petitioner's facts and has left the Court

       guessing the relief requested (e.g., it could be either withdrawal of Petitioner's Commonwealth charges, or withdrawal of the detainer or transfer to a CCC), and the Petition did not explain Petitioner's grounds for seeking the whatever relief he wishes to obtain.  Since the Court cannot distill with a measurable degree of certainty the facts and nature of Petitioner's challenges, the Court will not direct Respondents to address the claims the Court itself cannot comprehend.  Therefore, the Petition at bar will be dismissed without prejudice, and Petitioner will be allowed an opportunity to submit an amended pleading complying with the requirements of Habeas Rule 2(c).

5. In addition, Petitioner's submission at bar strongly suggests that Petitioner's challenges are unexhausted administratively.  Since Petitioner is being allowed an opportunity to submit an amended petition, the Court finds it warranted to explain to Petitioner the concept of administrative exhaustion in order to ensure against the scenario where Petitioner submits a § 2241 amended petition but such petition would be subject to dismissal as unexhausted.

6. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241,

challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals: it is "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Goldberg v. Beeler, 82 F. Supp. 2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Although exhaustion of administrative remedies is not required where exhaustion would not promote these goals, see, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is

clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 U.S. Dist. LEXIS 10288, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury"), the exhaustion requirement is not excused lightly. Indeed, it has been long established that an inmate's unjustified failure to pursue administrative remedies results in procedural default warranting decline of judicial review. The Court of Appeals addressed this issue in Moscato, 98 F. 3d 757, the case where an inmate filed a § 2241 petition after the Central Office had denied his administrative appeal as untimely. The Court of Appeals pointed out that the inmate's failure to satisfy the time limits of the BOP's administrative remedy program resulted in a procedural default, see id. at 760, rendering judicial review of his habeas claim unwarranted, that is, unless the inmate can demonstrate cause for his failure to comply with the procedural requirement[1] and, in addition, actual

---

[1] The "cause" standard requires a showing that some external objective factor impeded the inmate's efforts to comply with the procedural bar. See Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Pelullo, 399 F. 3d 197, 223 (3d Cir. 2005) ("Examples of external impediments . . . include interference by officials") (citations and internal quotation marks omitted); Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004) ("cause" typically involves a novel constitutional rule, a new factual predicate, hindrance by officials in complying with the procedural rule, or akin). In contrast, a procedural default caused by ignorance of the law or facts is binding on the habeas

prejudice resulting from the alleged violation. See id. at 761. Clarifying the rationale of its decision, the Moscato Court explained that application of *the cause and prejudice rule to habeas review of BOP proceedings insures that prisoners do not circumvent the agency* and needlessly swamp the courts with petitions for relief, and promotes such goals of the exhaustion requirement, such as allowing the agency to develop a factual record and apply its expertise facilitates judicial review, conserving judicial resources, and fostering administrative autonomy by providing the agency with an opportunity to correct its own errors. See id. at 761-62; see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

7. The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate shall submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the

---

petitioner. See Murray, 477 U.S. at 485-87.

    date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request shall submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  <u>See</u> 28 C.F.R. § 542.15(a).  The inmate shall appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. <u>See</u> <u>id.</u>  Appeal to the General Counsel is the final administrative appeal.  <u>See</u> <u>id.</u>  If responses are not received by the inmate within the time allotted for each reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

8. Therefore, Petitioner shall file his amended petition only if his challenges were duly exhausted administratively or Petitioner can make a showing as to why such exhaustion shall be excused in compliance with the high standard explained to him in this Memorandum Opinion and Order.

    IT IS, therefore, on this **29th** day of **May 2012**,

  **ORDERED** that the Petition, Docket Entry No. 1, is dismissed for failure to comply with the requirements of Habeas Rule 2(c); and it is further

**ORDERED** that the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

**ORDERED** that administrative termination is not a dismissal on merits, and the Court does not withdraw its jurisdiction over this matter; and it is further

**ORDERED** that the Clerk shall alter the docket in this matter by changing Petitioner's name from "Thomas Vasquez" to "Tomas Vasquez," accord <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=FBI&IDNumber=225187x1&x=49&y=12>> (showing Petitioner's public BOP record) and <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=THOMAS&Middle=&LastName=VASQUEZ&Race=U&Sex=U&Age=&x=90&y=12>> (showing that all six "Thomas" Vasquezs who were held in BOP custody have been, as of now, long released); and it is further

**ORDERED** that, in the event Petitioner's challenges were duly exhausted administratively or Petitioner can show a valid basis for excuse of exhaustion (in accordance with the guidance provided to him in this Memorandum Opinion and Order), Petitioner may have this matter reopened if, within thirty days from the date of entry of this Memorandum Opinion and Order, he files with the Clerk his amended § 2241 petition, stating clearly and concisely the facts underlying his challenges, the remedy sought,

the bases for such remedy, and – in addition – detailing the exhaustion efforts Petitioner undertook administratively and the outcome of these efforts at every level of the BOP; and it is further

**ORDERED** that, in the event Petitioner timely files such amended petition, the Court will direct the Clerk to reopen this matter and will examine the amended petition on merits; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner.  Such mailing shall be executed by regular U.S. mail, and shall include – in addition to this Memorandum Opinion and Order – a blank § 2241 petition form.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**