```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
THOMAS VASQUEZ,                    :
                                   :   Civil Action No. 12-2528 (RMB)
              Petitioner,          :
                                   :
         v.                        :   **MEMORANDUM OPINION AND ORDER**
                                   :
WARDEN F.C.I. FAIRTON et al.,      :
                                   :
              Respondents.         :
_____:
```

IT APPEARING THAT:

1. On April 30, 2012, Petitioner, then being a federal inmate, initiated this § 2241 proceeding by submitting a petition seeking habeas corpus relief. See Docket Entry No. 1. On May 8, 2012, he submitted the applicable filing fee of $5.00. See Docket Entry No. 2.

2. His petition seemingly asserted that, at a certain point in time, the Commonwealth of Pennsylvania ("Commonwealth") lodged a detainer against him on the basis of his pre-existing conviction, and the Bureau of Prisons ("BOP") declined his request to have him serve the end period of his then-served federal sentence in a community correctional center ("CCC"). See Docket Entry No. 1.

3. In light of the ambiguity of Petitioner's pleading and his statements suggesting that his challenges were not exhausted administratively, this Court directed him to file an amended petition, see Docket Entry No. 2, and Petitioner complied,

asserting that all exhaustion efforts would be futile, challenging his federal conviction and seeking habeas relief in the form of an order directing his placement in a CCC. See Docket Entry No. 3.

4. To the extent Petitioner asserted futility of exhaustion, his position are without merit, since the BOP was best positioned to address his claims and to create the record necessary for resolution of his CCC-based challenge. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Rogers v. United States, 180 F.3d 349, 358 & n.16 (1st Cir. 1999); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam); accord Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); cf. Fazzini v. N.E. Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006) ("[A] habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner"). To the extent Petitioner challenged his federal conviction, this Court was and is without § 2241 jurisdiction to address such a challenge, since a motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United

States, 307 F.3d 117, 120 (3d Cir. 2002); accord Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

5. To the extent Petitioner challenged denial of transfer to a CCC, that claim has been rendered moot after his release from confinement. See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=44474-066&x=71&y=16 (indicating that Petitioner was released from BOP custody on December 7, 2012); see also Cnty. of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001) ("The mootness doctrine is centrally concerned with the court's ability to grant effective relief").

IT IS, therefore, on this **30th** day of **May 2013**,

**ORDERED** that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that the amended petition, Docket Entry No. 3, is dismissed. Such dismissal is with prejudice as to Petitioner's Section 2241 challenge,[1] but it is without prejudice to raising his Section 2255 challenges, if any, by means of an appropriate

---

[1] While Petitioner's failure to exhaust his § 2241 challenge administratively warranted dismissal without prejudice, his release from confinement conclusively mooted his § 2241 challenge, thus warranting a prejudicial dismissal.

motion filed with his federal court of conviction;[2] and it is further

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that the Court withdraws its jurisdiction over this action; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

[2] This Court expresses no opinion as to substantive validity or invalidity, or procedural propriety or impropriety of Petitioner's § 2255 application, if such is filed.